IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DERRICK ADRIAN JOHNSON, § | |
| § | |
| Petitioner, § | |
| § | |
| V. § | No. 3:13-cv-247-B-BN |
| § | |
| UNITED STATES OF AMERICA, § | |
| § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Derrick Adrian Johnson has filed a motion to correct, vacate, or set aside sentence pursuant to 28 U.S.C. § 2255, a Fed. R. Civ. P. 60(b) motion, and a petition for writ of mandamus under 28 U.S.C. § 1361. For the reasons stated herein, Petitioner's successive Section 2255 and Rule 60(b) motions should be transferred to the United States Court of Appeals for the Fifth Circuit for appropriate action, and his mandamus petition should be denied.

**Background**

On November 7, 2007, a jury found Petitioner guilty of one count of bank robbery, in violation of 18 U.S.C. § 2113(a). Petitioner was sentenced to 115 months' imprisonment and a three-year term of supervised release. *See United States v. Johnson*, No. 3:07-cr-257-B (N.D. Tex. Apr. 17, 2007). On May 8, 2008, Petitioner filed a motion to vacate his sentence under 28 U.S.C. § 2255. Petitioner's motion was summarily dismissed without prejudice because his direct appeal was pending. *See*

*United States v. Johnson*, No. 3:08-cv-787-B, 2008 WL 2704422 (N.D. Tex. July 9, 2008). On December 24, 2008, the Fifth Circuit dismissed Petitioner's direct appeal at his request. He then filed a motion to vacate, set aside, or correct sentence, which was denied on the merits. *See Johnson v. United States*, No. 3:09-cv-597-B-BF, 2010 WL 3938391 (N.D. Tex. Sept. 20, 2010), *rec. adopted*, 2010 WL 3938392 (N.D. Tex. Oct. 6, 2010), *COA denied*, No. 10-11101 (5th Cir. July 5, 2011), *cert. denied*, 132 S. Ct. 791 (2011). In his Section 2255 motion, Petitioner alleged that:

> (1) the government knowingly introduced false testimony from witnesses to secure an illegal conviction; (2) the government utilized deceit and misleading statements beginning at trial and through sentencing; (3) the government made multiple testimonial references during trial related to a witness and situation that did not exist; (4) Petitioner requested, but was denied counsel during a lengthy interrogation; (5) Petitioner was repeatedly lied to by Dallas Police Officers; (6) the government utilized statements in violation of the 5th Amendment; (7) the police used verbal threats of physical action to force illegal identification procedures after rights were attached; (8) Petitioner was subject to violations of *Brady* and the Rules of Evidence; and (9) the government violated Petitioner's right to due process when it utilized Petitioner's testimony out of context, intentionally misleading the Court into allowing previously "out of bounds" questioning and then proceeding to imply and fabricate information to the jury about Petitioner that was known at the time to be completely untrue.

*Id.* at *1.

On January 18, 2013, Petitioner filed a handwritten "Motion to Set Aside the Jury's Verdict," which the Court construed as a motion under 28 U.S.C. § 2255. Petitioner then submitted a form motion to vacate, set aside, or correct sentence at the Court's request, in which he seeks post-conviction relief on grounds that (1) he received ineffective assistance of counsel; (2) he was subjected to violations of the Federal Rules

of Evidence; and (3) he was denied due process. *See* Dkt. Nos. 9 & 10. He also seeks to transfer his criminal case to the Middle District of Pennsylvania and for Rule 60(b) relief from the Court's prior denial of collateral relief. *See* Dkt. Nos. 7 & 8.

## Legal standards

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which an individual may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). In order to file a second or successive Section 2255 motion, a movant must show that the motion is based on:

> (1)  newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense; or
>
> (2)  a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). That determination must be made by a three-judge panel of the Court of Appeals before Petitioner files his motion in district court. *Id.* §§ 2244(b)(3), 2255(h).

Rule 60(b) of the Federal Rules of Civil Procedure provides that a district court "may relieve a party or its legal representative from a final judgment, order, or proceeding" for any one of certain enumerated grounds, including fraud and "any other reason that justifies relief." FED. R. CIV. P. 60(b)(3) & (6). However, a district court is not permitted to consider a Rule 60(b) motion that presents a successive habeas

petition within the meaning of *Gonzalez v. Crosby,* 545 U.S. 524 (2005). *See United States v. Hernandes*, 708 F.3d 680, 681 (5th Cir. 2013). That is, "where a Rule 60(b) motion advances one or more substantive claims, as opposed to a merely procedural claim, the motion should be construed as a successive § 2255 motion." *Id.* at 681 (citing *Gonzalez,* 545 U.S. at 532 & n.4; *United States v. Williams,* 274 F. App'x 346, 347 (5th Cir. 2008) (applying *Gonzalez* to § 2255 motions)). A petitioner is not permitted to proceed in the district court with a Rule 60(b) motion that is no more than a successive "§ 2255 motion in disguise[.]" *Id.* at 682 (quoting *United States v. Washington,* 653 F.3d 1057, 1065 (9th Cir. 2011)).

Federal courts, such as the United States Court of Appeals for the Fifth Circuit, are permitted to issue mandamus orders to confine a lower court to its jurisdiction or compel it to perform ministerial functions over which it has no discretion. *See In re Estelle*, 516 F.2d 480, 483 (5th Cir. 1975). In addition, the federal mandamus statute, Section 1361, establishes a civil cause of action to compel an officer of the United States to perform his duty. It states that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. However, "officer of employee of the United States" does not include members of the judicial branch. *See Duplantier v. United States,* 606 F.2d 654, 663-64 (5th Cir. 1979).

## Analysis

The Court of Appeals has not issued an order authorizing this Court to consider Petitioner's successive Section 2255 motion. Petitioner must obtain such an order before another motion for post-conviction relief may be filed. Accordingly, Petitioner's Section 2255 motion should be transferred to the United States Court of Appeals for the Fifth Circuit. *See Henderson v. Haro,* 282 F.3d 862, 864 (5th Cir. 2002); *see also In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) (adopting procedure to be used when a district court transfers to the Court of Appeals a successive Section 2254 motion from a state prisoner).

Petitioner seeks relief under Rule 60(b) because his prior Section 2255 motion was allegedly denied by the District Court as a result of "falsif[ied] evidence" and "perjury" that led to his underlying conviction. *See* Dkt. No. 7. However, Petitioner here raises substantive rather than procedural claims. His allegations of ineffective assistance of counsel, violation of the rules of evidence, and violation of due process directly challenge his conviction and sentence. Petitioner "attacks the federal court's previous resolution of a claim *on the merits*." *Gonzalez,* 545 U.S. at 532 (emphasis in original). Accordingly, Petitioner's filing styled as a Rule 60(b) motion must be construed as an unauthorized successive habeas petition within the meaning of *Gonzalez*, and this Court is prohibited from considering the motion. *See id.* As a misstyled successive Section 2255 motion, Petitioner's Rule 60(b) motion should be transferred to the United States Court of Appeals for the Fifth Circuit. *See United States v. Zapata-Rodriguez,* No. 3:93-cr-285-L, 2010 WL 3927876 (N.D. Tex. Sept. 16,

2010), *rec. adopted*, 2010 WL 3928069 (N.D. Tex. Oct. 5, 2010).

Finally, Petitioner seeks relief in the nature of mandamus, seeking a decision on a motion to transfer venue filed in his criminal case on December 7, 2012 and "further legal filings." *See* Dkt. No. 8. However, the type of mandamus that he appears to request – compelling the district court to perform ministerial functions over which it has no discretion – is a remedy that must be sought in an appellate court. *See Estelle,* 516 F.2d at 483; *accord Rochester v. Roberts*, No. CA 6:12-0586-RBH-KFM, 2012 WL 2803754, at *3 (D.S.C. Apr. 2, 2012), *rec. adopted*, 2012 WL 2808205 (D.S.C. July 10, 2012) ("Insofar as Petitioner is seeking mandamus relief against United States District Judges and United States Magistrate Judges of this federal district court, Petitioner has filed his petition in the wrong court."). To the extent that Petitioner also seeks a mandamus remedy under the federal mandamus statute, Section 1361 does not provide authority for mandamus relief against the judicial branch. *See Duplantier*, 606 F.2d at 663-64. Accordingly, his mandamus petition should be denied.

## Recommendation

Petitioner's motion to correct, vacate, or set aside sentence [Dkt. No. 9] and his Rule 60(b) motion [Dkt. No. 7], both of which are unauthorized successive Section 2255 motions, should be transferred to the United States Court of Appeals for the Fifth Circuit for appropriate action. Petitioner's petition for writ of mandamus [Dkt. No. 8] should be denied without prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report

and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 19, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE